### FRENCH WAX FIGURE CO. v. JUPP BAXTER CO.

1. ATTORNEYS' NEGLECT NOT GROUND FOR SETTING ASIDE DEFAULT.

A court would be justified in refusing to set aside a judgment by default where the reason given for not filing an answer was that defendant's attorney was busy in attending to professional business and by mistake of a clerk in his office, defendant's case was not called to his attention so that he did not know he was in default until after judgment was taken.

2. FAILURE TO ESTABLISH GROUND FOR SETTING ASIDE DEFAULT.

An agreement by defendants to accept and pay for the balance of a claim for a bill of goods if left in their possession "after the first of July" entitles the plaintiffs to payment immediately after such date, notwithstanding the original bill of the goods furnished contains the words "Time, 60 days," and an action therefor is not prematurely brought if commenced within sixty days after the first of July. Therefore, a motion to set aside a default rendered in such case upon the ground that the defendant had a "good defense," in this, "that suit was prematurely brought," should have been refused.

HEARD ON ERROR.

*White, Johnson, McCaslin* and *Cannon*, for plaintiff in error, cited:

Granting or refusing a motion to set aside a default entered at the same term, lies in the sound, legal discretion of the court, not arbitrary discretion. Bailey v. Taafe, 29 Calif., 422, 423–4; Williamson v. Cummings Rock Drill Co., 95 Calif., 652, 653 [30 Pac. Rep., 762]; Kite v. Lumpkin, 40 G-, 506; Arnold v. Palmer, 23 Mo., 411, 414–15;

John T. Noye Mfg. Co. v. Wheaton Roller Co., 60 Minn., 117, 118 [61 N. W. Rep., 910]; Gray v. Sabin, 87 Calif., 211 [25 Pac. Rep., 422]; Palmer v. Rogers, 70 Ia., 381, 382 [30 N. W. Rep., 645]; Culver v. Brinkerhoff, 180 Ill., 548, 552–52 [54 N. E. Rep., 585]; Merritt v. Putnam, 70 Minn., 399, 400 (*493); Powell v. Weith, 68 N. C., 342, 343; Johnson v. Eldred, 13 Wis., 482, 485.

If there is no negligence, but no defense is shown, the order setting aside the default should be reversed.  Holden v. Kirby, 21 Wis., 149.

Even though the order setting aside the default is made at the same term as the default.  Stilson v. Ranken, 40 Wis., 527, 531–2.

An order setting aside a default should be reversed when the only reason given is the error of the attorney as to the answer day. Williamson v. Cummings Rock Drill Co., 95 Calif., 652, 653 [30 Pac. Rep., 762].

It is error to set aside a default caused by the negligence of the attorney.  John T. Noye Mfg. Co. v. Wheaton Roller Co., 60 Minn., 117, 118 |61 N. W. Rep., 910].

It is hardly necessary to cite authorities to the proposition that the negligence of attorneys is the negligence of clients.  1 Freeman on Judgments, Sec. 112; Manufacturers Paper Co. v. Lindblom, 80 Ill. App., 267, 276; Kreite v. Kreite, 93 Ill., 583, 584, 586; Field v. Nelson, 8 Mo., 686, 688.

Mistake of the attorney's clerk is the inadvertence of the attorney, and is not ground for setting aside a default.  Barrett v. Queen City Cycle Co., 179 Ill., 68, 70 [53 N. E. Rep., 550].

A default will not be set aside for the negligence of the attorneys. Smith v. Tunstall, 56 Calif., 175.

Press of business and consequent inadvertence of the attorney is no ground for setting aside a default.  Schultz v. Meiselbar, 144 Ill., 26, 28 [32 N. E. Rep., 550]; s. c. 44 Ill. App., 233, 234.

Misunderstanding between counsel for defendant and their mistakes and consequent failure to file pleadings, is no ground for setting aside a default.  Blake v. Steward, 29 Ind., 318, 320–21, 322.

If the attorney for defendant forgets the date for trial, default will not be set aside.  This is an interesting case on the subject.  B. O. & C. R. R. Co. v. Flinn, 2 Ind. App., 55, 60–61.

The following cases are quite similar in the facts to the one at bar, and it was held that the default should not be set aside:  Kirby v. Chadwell, 10 Mo., 392, 293; Austin v. Nelson, 11 Mo., 192.

If the affidavit for merits is insufficient, it is error to set aside the default.  Holden v. Kirby, 29 Wis., 149; Stilson v. Ranken, 40 Wis., 527, 531–2; Bailey v. Taale, 29 Calif., 422, 425–6; Arnold v. Palmer, 23 Mo., 411, 414–15.

The affidavit must state the grounds of defense distinctly, and verify them by affidavit.  Frost v. Dodge, 15 Ind., 139, 140; Blake v. Stewart, 29 Ind., 318, 321; Phelps v. Osgood, 34 Ind., 150, 153.

It is not enough to merely state, in the affidavit, that the defendant has a meritorious defense.  The affidavit must state facts which disclose the existence of a valid defense.  Brebinger v. Taylor, 64 Mo., 63, 66; Jaeger v. Evans, 46 Ia., 188; Palmer v. Rogers, 70 Ia., 381, 382 [30 N. W. Rep., 645]; Roberts v. Corby, 86 Ill., 182, 184; Goldsberry v. Carter, 28 Ind., 59, 60; Culver v. Brinkerhoff, 180 Ill., 548, 552–3 [55 N. E. Rep., 585]; Lamb v. Nelson, 34 Mo., 501, 503; Contreras v. Hayes, 61 Tex., 103, 106.

Granting the motion to set aside the default is a favor to the defendant, and it is error to leave the costs to abide the result of the action. Bailey v. Taafe, 29 Calif., 562; Heerman v. Sanger, 48 Calif., 562.

*Geo. H. Burrows*, for defendant in error.

MARVIN, J.

This is a proceeding in error to the court of common pleas of this county.

Suit was brought in that court by the plaintiff here against the defendant here, and judgment taken against the defendant upon default. This judgment was taken at the September term, 1900, and, at the same term, upon motion of the defendant that default was set aside and the case reinstated upon the docket of the court.

It is to reverse this order, setting aside the default, that this proceeding is prosecuted.

On the part of the plaintiff in error it is conceded that the granting of the motion was within the discretion of the court and that its order in the premises can only be reversed by a finding here that such discretion was clearly abused.

The grounds upon which the defendant asks to have the default set aside are set forth in a motion, in which it is averred that the defendant has a good defense to the action as set forth in the petition; that George H. Burrows, attorney for the defendant, from the time the action was brought in the court of common pleas up to the time when said default was taken, was very busy in attending to his professional business and that by mistake of a clerk in his office the present case was omitted from the list of cases to which his attention should have been called, and that the attorney did not know that he was in default of answer until after the judgment was taken.

This motion is supported by the affidavit of George H. Burrows, defendant's attorney.

The bill of exceptions discloses that the defense relied upon and which is averred in the motion to be a good defense to the cause of action set forth in the petition, is, that the money sued for in the original action, although *owing* by the defendant to the plaintiff, was not *due* at the time the suit was brought.

A rule of the court of common pleas is set forth in the bill, which reads:

"Defaults entered upon the journal shall not be set aside except upon notice to the opposite party, and showing by the applicant of a good defense and a good reason why he is in default; in which case the default may be set aside upon such terms as the court may deem just; and the pleading for the setting aside of which such default exists, shall be filed forthwith unless otherwise ordered by the court."

It is said that the setting aside of the default here was in violation of this rule, because the defense shown was not a good defense to the action; and that the setting aside of the default was, therefore, an abuse on the part of the court of the discretion vested in it by law in such case.

Numerous authorities are cited on the part of the plaintiff in error in support of the proposition that there may be such an abuse of discre-

tion on the part of the court in setting aside its orders made during the term as would constitute reversible error.

That the excuse given for not filing an answer in time by counsel for defendant is a very weak one, cannot be denied ; and the court would have been justified in refusing to set aside the judgment.

Counsel for the defendant undertook to comply with the rule of the court already quoted, in setting out what the defense was. Whether, if this had not been done, we should be justified in reversing the case for a non-compliance with this rule, it is unnecessary to say; but as the defendant did set out what his defense in the matter was, we are called upon to look at that defense.

The suit was upon a contract. That contract consists of correspondence which passed between the parties, and shows that certain goods owned by the plaintiffs were consigned to the defendants. A part of such goods were paid for by the defendants; as to the balance a claim was made by the defendants, that they were not, in the first instance, purchased by them but only received to be sold by the defendants for the plaintiffs. In the letter from the defendants to the plaintiffs, in which this claim is made, it is stated that if the plaintiffs choose to do so, they may leave the goods with the defendants and they will accept and pay for them after the first of July. * * * To this the plaintiffs answered that they would agree to the proposition made by the defendants that the goods should be kept and paid for after the first of July.

The original bill of the goods furnished by the plaintiffs contains the words " Time, 60 days." This suit was brought in less than sixty days after the first of July, and the claim of the defendant was that it was prematurely brought ; that a fair construction of the contract made by the correspondence is that payment should be made for these goods sixty days after the first of July.

We do not think this a proper construction of the contract, but that the plaintiffs were entitled to payment immediately after the first of July ; that their suit was not, therefore, prematurely brought, and that what is claimed by the defendants as a defense could not have availed. That being the case, the default should not have been set aside, and the mistake of the court in setting it aside was such that we feel bound to reverse the order of the court in that regard, which is done accordingly.